IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PEGGY L. MASSENGILL,

    Plaintiff,

v.                                No. 04-2956 B

SHENANDOAH LIFE INSURANCE
CO.,

    Defendant.

---

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO
SUPPLEMENT ADMINISTRATIVE RECORD

---

Before the Court is the September 21, 2005 motion of the Plaintiff, Peggy L. Massengill, who is represented by counsel, to supplement the administrative record filed by the Defendant, Shenandoah Life Insurance Co. Upon review of the motion, however, the Court finds that it cannot at this point reach the merits thereof. First, the pleading contains no certificate of service upon the opposing party, as is required under Rule 5 of the Federal Rules of Civil Procedure and LR7.2(a)(1) of the Local Rules of the United States District Court for the Western District of Tennessee (the "Local Rules"). LR7.2(a)(1) further instructs that all motions in civil cases must be "accompanied by a supporting memorandum of facts and law" as well as a proposed order, neither of which have been submitted by the Plaintiff in connection with her request.

Thirdly, the Local Rules provide that motions must be accompanied by a certificate of consultation "affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion." LR7.2(a)(1)(B), Local Rules. The certificate of consultation

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 9-23-05



> must contain the names of participating counsel and the date and manner of consultation. The burden will be on counsel filing the motion to initiate the conference upon giving reasonable notice of the time, place and specific nature of the conference. If an opposing counsel or party refuses to cooperate in the conduct of a conference, counsel must file a certificate to that effect, setting out counsel's efforts to comply with this rule.

LR7.2(a)(1)(B), Local Rules (internal footnote omitted). In this case, there is no indication Plaintiff's counsel conferred with counsel for the Defendant on the matter which is the subject of the motion or that he made any attempt to do so. "Failure to file an accompanying certificate of consultation may be deemed good grounds for denying the motion." LR7.2(a)(1)(B), Local Rules.

As the motion is procedurally defective, it is hereby DENIED without prejudice.

IT IS SO ORDERED this 22 day of September, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 13 in case 2:04-CV-02956 was distributed by fax, mail, or direct printing on September 23, 2005 to the parties listed.

---

Tony R. Dalton
WOOLF MCCLANE BRIGHT ALLEN & CARPENTER, PLLC
900 S. Gay St.
Ste. 900
Knoxville, TN 37902--181

Erich M. Shultz
LAW OFFICES OF ERICH M. SHULTZ
242 Poplar Ave.
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT