IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PEGGY L. MASSENGILL,

    Plaintiff,

v.                                          No. 04-2956 B

SHENANDOAH LIFE INSURANCE
CO.,

    Defendant.

---

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND MOTION TO
SUPPLEMENT ADMINISTRATIVE RECORD

---

Before the Court is the October 3, 2005 motion of the Plaintiff, Peggy L. Massengill, to supplement the administrative record filed by the Defendant, Shenandoah Life Insurance Co. This action has been brought under the Employee Retirement Income Security Act ("ERISA") arising from an alleged denial of benefits. In Wilkins v. Baptist Healthcare System, Inc., 150 F.3d 609 (6th Cir. 1998), the Sixth Circuit articulated as follows:

> The standards of review for determining ERISA denial-of-benefits claims are well-established. In cases in which a plan administrator is given no discretionary authority by the plan, review of the plan administrator's decision by the district court . . . is de novo, with respect to both the plan administrator's interpretation of the plan and the plan administrator's factual findings. When conducting a de novo review, the district court must take a "fresh look" at the administrative record but may not consider new evidence or look beyond the record that was before the plan administrator.

Wilkins, 150 F.3d at 616 (internal citations and footnotes omitted). "This standard differs from the arbitrary and capricious standard of review that is used when a benefits plan gives the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Id. at 616 n.4. In a concurring opinion, Judge Gilman suggested that

> [t]he district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. This also means that any prehearing discovery at the district court level should be limited to such procedural challenge.

Id. at 619 (Gilman, J., concurring).

Indeed, in her motion for judgment on the administrative record filed September 30, 2005, Massengill herself argues that "[u]nder [ERISA], the standard of review is de novo unless the administrator is afforded discretion," adding that, "[a]s there is nothing to suggest such discretion in Defendant, the Court should review the evidence in the record and decide." (Mem. in Supp. of Mot. for J. on the Administrative R. at (unnumbered) 2.) Thus, it appears to the Court the Plaintiff takes no umbrage with the standard set forth in Wilkins, which clearly prohibits the relief she seeks. Further, the Plaintiff has offered no caselaw whatsoever supporting her request for supplementation and it is not within the province of the Court to peruse the law and the documents filed in this case in order to fashion an argument on her behalf. Accordingly, as no legal basis has been presented therefor, the motion is DENIED without prejudice.

IT IS SO ORDERED this 15th day of December, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 23 in case 2:04-CV-02956 was distributed by fax, mail, or direct printing on December 16, 2005 to the parties listed.

---

Tony R. Dalton
WOOLF MCCLANE BRIGHT ALLEN & CARPENTER, PLLC
900 S. Gay St.
Ste. 900
Knoxville, TN 37902--181

Erich M. Shultz
LAW OFFICES OF ERICH M. SHULTZ
242 Poplar Ave.
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT